**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
**Jacob S. Gill,** OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TOO MARKER PRODUCTS, INC. and IMAGINATION INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CREATION SUPPLY INC. and JOHN GRAGG, <br><br> Defendants. | Case No. _____ <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs, TOO MARKER PRODUCTS, INC. and IMAGINATION INTERNATIONAL, INC. (collectively, "Plaintiffs"), for their Complaint against CREATION SUPPLY INC. and JOHN GRAGG (collectively, "Defendants"), state and allege as follows:

**NATURE OF THIS ACTION**

1.     This is an action for trademark infringement and unfair competition under the laws of the United States (The Lanham Act, codified at 15 U.S.C. § 1051, et seq.), and the common law of trademarks.

Page 1 - COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## PARTIES

2. Plaintiff TOO MARKER PRODUCTS, INC. ("Too Marker") is a corporation organized under the laws of Japan having its principal place of business at Ebisu Subaru Bldg. 4F, 20-8, Ebisu 1-chome, Shibuya-ku, Japan 150-0013. Too Marker is engaged in the business of manufacturing, importing, and selling markers into the United States.

3. Plaintiff IMAGINATION INTERNATIONAL, INC. ("Imagination International") is an Oregon corporation having its principal place of business at 633 Market Street, Unit A, Eugene, Oregon 97440. Imagination International is the exclusive United States distributor of marker products for Too Marker.

4. Defendant CREATION SUPPLY INC. ("Creation Supply") is an Illinois corporation having its principal place of business at 1314 Sunflower Lane, Minooka, Illinois 60447. Creation Supply is engaged in the business of importing markers into and selling markers in the United States, including Oregon.

5. Defendant JOHN GRAGG ("Gragg") is, and at all material times was, the president and registered agent of defendant Creation Supply, having a business address of 1314 Sunflower Lane, Minooka, Illinois 60447.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants at least because, on information and belief, Defendants have substantial contacts in the State of Oregon related to the claims in this action and Defendants engaged in the wrongful acts alleged herein in the State of Oregon.

Page 2 - COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c).

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

9. Plaintiff Too Marker has been in the business of manufacturing and selling marker products worldwide for more than twenty years.

10. Plaintiff Imagination International has been in the business of importing and selling Too Marker products in the United States for more than twelve years.

11. Plaintiffs manufacture and sell a line of markers having distinctive squarish bodies and distinctive squarish cap-ends, which line of markers is referred to herein as the "COPIC" line of markers.

12. Plaintiff Too Marker owns United States Trademark Registration No. 3,629,617 (the "Marker Registration") for the configuration of a marker having a squarish cross-sectional shape. A copy of the Marker Registration is attached hereto as Exhibit A. Too Marker first used the configuration denoted in the Marker Registration in commerce in connection with the goods identified in the Marker Registration at least as early as December 31, 1999.

13. Plaintiff Too Marker owns United States Trademark Registration No. 4,113,852 (the "Cap-End Registration") for the configuration of the end portion of a marker cap having a squarish cross-sectional shape. A copy of the Cap-End Registration is attached hereto as Exhibit B. Too Marker first used the configuration denoted in the Cap-End Registration in commerce in connection with the goods identified in the Cap-End Registration at least as early as December 31, 1999.

14. Plaintiff Imagination International is the exclusive United States distributor for Too Marker of the COPIC line of markers.

Page 3 -COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

15. Plaintiffs have learned that Creation Supply is importing and selling markers in the United States a line of markers having squarish bodies and squarish cap-ends, which line of markers is identified as the "MEPXY" line of markers.

16. Defendant Creation Supply sells the MEPXY line of markers to retailers throughout the United States, including in Oregon. Creation Supply also sells the MEPXY line of markers directly through its website, "www.mepxyart.com".

17. Defendant Gragg, as president of defendant Creation Supply, directed and authorized the import and sale of the MEPXY line of markers by defendant Creation Supply.

18. The configuration of the MEPXY line of markers is confusingly similar to the configuration denoted in Too Marker's Marker Registration and the configuration of Plaintiffs' COPIC line of markers.

19. The MEPXY markers have substantially the same product configuration as Plaintiffs' COPIC markers.

20. Defendants' use of the MEPXY marker product configuration is intended to cause consumers to mistakenly believe that the MEPXY markers are produced by or originate from Plaintiffs.

21. The cap-end configuration of the MEPXY line of markers is confusingly similar to the configuration denoted in Too Marker's Cap-End Registration and the cap-end configuration of Plaintiffs' COPIC line of markers.

22. The MEPXY markers have substantially the same cap-end configuration as Plaintiffs' COPIC markers.

Page 4 - COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

23. Defendants' use of the MEPXY marker product cap-end configuration is intended to cause consumers to mistakenly believe that the MEPXY markers are produced by or originate from Plaintiffs.

## PLAINTIFFS' FIRST CLAIM
(Violation of Lanham Act § 32 – Marker Registration)

24. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. The acts of Defendants described above constitute an infringement of Plaintiffs' rights in and to the use of their federally registered mark, the Marker Registration, with consequent damages to Plaintiffs and the business and goodwill associated with and symbolized by the Marker Registration and, specifically, give rise to this claim under 15 U.S.C. § 1114.

26. Defendants' acts of trademark infringement have caused and are causing great and irreparable harm to Plaintiffs, Plaintiffs' goodwill, and Plaintiffs' rights to the Registered Marker Configuration, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiffs with no adequate remedy at law.

27. By virtue of the Marker Registration, Defendants had constructive notice of Plaintiffs' exclusive nationwide right to use the marker configuration denoted in the Marker Registration (the "Registered Marker Configuration") on the goods identified in the Marker Registration at least as early as March 25, 2008.  Defendants had actual knowledge of Too Marker's use of the product configuration of the COPIC markers prior to March 25, 2008.

28. Defendants' acts of infringement have been and are being committed with actual knowledge of Plaintiffs' rights and are willful and in gross disregard of Plaintiffs' rights.

Page 5 -COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

29. By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Defendants, and anyone associated therewith, to restrain further acts of infringement, and to recover any damages proven to have been caused by reason of Defendants' acts of infringement, and to recover enhanced damages based upon the willful, intentional, and/or grossly negligent activities of Defendants.

**PLAINTIFFS' SECOND CLAIM**
(Violation of Lanham Act § 32 – Cap-End Registration)

30. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The acts of Defendants described above constitute an infringement of Plaintiffs' rights in and to the use of their federally registered mark, with consequent damages to Plaintiffs and the business and goodwill associated with and symbolized by the Cap-End Registration and, specifically, give rise to this claim under 15 U.S.C. § 1114.

32. Defendants' acts of trademark infringement have caused and are causing great and irreparable harm to Plaintiffs, Plaintiffs' goodwill, and Plaintiffs' rights to the Registered Cap-End Configuration, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiffs with no adequate remedy at law.

33. By virtue of the Cap-End Registration, Defendants had constructive notice of Plaintiffs' exclusive nationwide right to use the marker cap-end configuration denoted in the Cap-End Registration (the "Registered Cap-End Configuration") on the goods identified in the Cap-End Registration at least as early as January 3, 2012. Defendants had actual knowledge of Too Marker's use of the cap-end configuration of the COPIC markers prior to January 3, 2012.

Page 6 -COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

34. Accordingly, Defendants' acts of infringement have been and are being committed with actual knowledge of Plaintiffs prior rights and are willful and in gross disregard of Plaintiffs' rights.

35. By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Defendants, and anyone associated therewith, to restrain further acts of infringement, and to recover any damages proven to have been caused by reason of Defendants' acts of infringement, and to recover enhanced damages based upon the willful, intentional, and/or grossly negligent activities of Defendants.

**PLAINTIFFS' THIRD CLAIM**
(Violation of Lanham Act § 43)

36. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Plaintiffs manufacture, import, advertise, and sell marker products having a squarish body configuration and squarish cap-end configuration throughout the United States, including in Oregon.

38. Prior to Defendants' conduct that forms the basis for this Complaint, consumers had come to associate Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration exclusively with Plaintiffs' products.

39. Through their promotional efforts, business conduct, and continuous use of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, Plaintiffs have developed and maintained customers throughout the United States, including in Oregon. Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration have become, through widespread and favorable public acceptance and

Page 7 - COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

recognition, assets of substantial value as symbols of Plaintiffs, their high quality products, and their goodwill.

40. On account of their long and continuous use of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, and substantial advertising and sales of their products, Plaintiffs have established valid and enforceable rights in their squarish marker body configuration and squarish marker cap-end configuration.

41. Notwithstanding Plaintiffs' preexisting valid and enforceable rights in Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, Defendants, without permission or approval, advertised and sold (or caused to be sold) products using a squarish marker body configuration and squarish marker cap-end configuration in the United States, including in Oregon.

42. As a result of Defendants' unauthorized use of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, Plaintiffs and Defendants use (and have used) Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration in connection with identical and related products and services.

43. Plaintiffs and Defendants offer (and have offered) their respective products and services to customers and/or the relevant consumer base in the same geographical locations and through the same trade channels.

44. Defendant Creation Supply is a direct competitor of Plaintiffs.

45. Defendants' unauthorized use of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration in connection with marker products is not authorized by Plaintiffs and is likely to cause confusion and mistake, and to deceive consumers as to the source or origin of Defendants' products.

Page 8 - COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46. Plaintiffs have a discernible interest in Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, and Plaintiffs' have been, and continue to be, injured by Defendants' unauthorized and unlawful use of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration.

47. Defendants' unauthorized use of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration in connection with marker products in retail store displays in Oregon and the rest of the United States, and on the websites of Creation Supply and its other online retailers, is causing confusion among potential purchasers of Plaintiffs' products.

48. The acts by Defendants described above constitute an infringement of Plaintiffs' rights in and to the use of their squarish marker body configuration and squarish marker cap-end configuration, with consequent damages to Plaintiffs and the business and goodwill associated with and symbolized by Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration and, specifically, give rise to this claim under 15 U.S.C.. § 1125.

49. Defendants' acts of unfair competition have caused and are causing great and irreparable harm to Plaintiffs, Plaintiffs' goodwill, and Plaintiffs' rights to Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiffs with no adequate remedy at law.

50. On information and belief, Defendants' acts of infringement have been and are being committed with actual knowledge of Plaintiffs prior rights in Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, and are willful and in gross disregard of Plaintiffs' rights.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

51. By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Defendants, and anyone associated therewith, to restrain further acts of unfair competition, and to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of unfair competition, and to recover enhanced damages based upon the willful, intentional, and/or grossly negligent activities of Defendants.

**PLAINTIFFS' FOURTH CLAIM**
(Common Law Trademark Infringement)

52. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

53. On account of their long and continuous use of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, and substantial advertising and sales of their products, Plaintiffs have established common law trademark rights in Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration.

54. The acts by Defendants described above constitute an infringement of Plaintiffs' common law rights in and to the use of their squarish marker body configuration and squarish marker cap-end configuration, with consequent damages to Plaintiffs and the business and goodwill associated with and symbolized by Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, and, specifically, give rise to this action under the common law of trademarks.

55. Defendants' acts of trademark infringement have caused and are causing great and irreparable harm to Plaintiffs, Plaintiffs' goodwill, Plaintiffs' rights to Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, in an amount which

Page 10 - COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiffs with no adequate remedy at law.

56. On information and belief, Defendants' acts of infringement have been and are being committed with actual knowledge of Plaintiffs prior rights in Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration, and are willful and in gross disregard of Plaintiffs' rights.

57. By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Defendants, and anyone associated therewith, to restrain further acts of infringement, and to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement, and to recover enhanced damages based upon the willful, intentional, and/or grossly negligent activities of Defendants.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

A. A permanent nationwide injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those in concert or participation with any of them from:

(1) imitating, copying, using, reproducing, registering, attempting to register and/or displaying a squarish marker body configuration or any marker configuration which colorably imitates or is confusingly similar to Plaintiffs' marker configuration;

(2) imitating, copying, using, reproducing, registering, attempting to register and/or displaying a squarish marker cap-end configuration or any marker cap-end configuration which colorably imitates or is confusingly similar to Plaintiffs' marker cap-end configuration;

Page 11 - COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

(3) using any other false description or representation or any other thing calculated or likely to cause confusion, deception, or mistake in the marketplace with regard to Plaintiffs' squarish marker body configuration or squarish marker cap-end configuration; and

(4) importing and selling any marker products which colorably imitate or are confusingly similar to Plaintiffs' squarish marker body configuration or squarish marker cap-end configuration, including the MEPXY line of marker products;

B. An award of damages to compensate for the infringement by Defendants of Plaintiffs' squarish marker body configuration and squarish marker cap-end configuration in an amount to be proven at trial, including Plaintiffs' actual damages and Defendants' profits attributable to the infringement;

C. An order directing Defendants to deliver up for destruction all materials and matter in their possession or custody or under their control that infringes Plaintiffs' squarish marker body configuration or squarish marker cap-end configuration, including, without limitation, all advertising and promotional materials;

D. An award of Plaintiffs attorneys' fees, treble actual damages, and treble damages based upon an accounting of Defendants' profits, including all statutory enhancements, other enhancements, and attorneys' fees on account of the willful nature of Defendants' acts as provided in 15 U.S.C. 1117;

E. An order directing Defendants to undertake corrective advertising in a form, manner, and frequency that is acceptable to Plaintiffs and the Court; and

F. Such other relief, in law or in equity, to which Plaintiffs may be entitled, or which this Court may deem just and proper.

Page 12 -COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues so triable in this action.

DATED this 25th day of April, 2012.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By: /s/ Jacob S. Gill
    **Timothy S. DeJong,** OSB No. 940662
    **Jacob S. Gill,** OSB No. 033238

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:  tdejong@stollberne.com
        jgill@stollberne.com

Attorneys for Plaintiffs

Page 13 -COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840