IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TOO MARKER PRODUCTS, INC., and	3-12-CV-735-BR
IMAGINATION INTERNATIONAL, INC.,

      Plaintiffs,	OPINION AND ORDER

v.

CREATION SUPPLY, INC.,

      Defendant.
_____

CREATION SUPPLY, INC.,

      Third-Party Plaintiff,

v.

ALPHA ART MATERIALS CO., LTD,

      Third-Party Defendant.

**TIMOTHY S. DEJONG**
**JACOB S. GILL**
Stoll Berne Lokting & Lachter P.C.
209 S.W. Oak St., Ste 500
Portland, OR 97204
(503) 227-1600

      Attorneys for Plaintiffs

1 - OPINION AND ORDER

**EDWARD L BISHOP**
**NICHOLAS S. LEE**
**RICHARD J. VANGELISTI**
Bishop & Diehl, Ltd
1750 East Golf Road
Suite 390
Schaumburg, IL 60173
(847) 969-9124

      Attorneys for Creation Supply, Inc.

**BYUNG H. WHANG**
B.H. Whang & Associates, Ltd
111 Plaza Dr., Ste 755
Schaumburg, Ill 60173
(847) 517-3696

**SUSAN D. PITCHFORD**
**ROBERT H. LYMAN**
Chernoff Vilhauer McClung and Stenzel, LLP
601 S.W. Second Ave., Ste 1600
Portland, OR 97201
(503) 227-5631

      Attorneys for Alpha Art Materials, Co. LTD

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion (#36) to Dismiss Defendant's Third Counterclaim for Tortious Interference for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court **GRANTS** Plaintiff's Motion and **DISMISSES** Defendant's Third Counterclaim for Tortious Interference. The Court also makes herein a scheduling order for further proceedings.

## BACKGROUND

Plaintiff Too Marker Products, Inc., is a Japanese Corporation that manufactures, imports, and sells markers in the United States.  Plaintiff Imagination International, Inc., is the exclusive United States distributor of Too Marker's products.

Defendant Creation Supply, Inc., is an importer of markers into the United States and the State of Oregon.

Plaintiffs allege Defendant infringed Plaintiffs' trademark and engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and the common law by importing into the United States and selling markers similar in size and shape to Plaintiffs' products with the intent of misleading consumers into believing they are purchasing Plaintiffs' products.

Defendant asserts Counterclaims for a Declaratory Judgment of Non-Infringement of Trademark and Trade Dress (First and Second Counterclaims) and for Tortious Interference in Defendant's business relationship with Dick Blick Art Materials (Third Counterclaim).

Plaintiffs move to dismiss Defendant's Third Counterclaim on the ground that a claim of Tortious Interference based on allegedly unfounded litigation arises under Oregon law only if the allegedly unfounded litigation has previously resulted in a favorable outcome for the claimant, an element Defendant has not alleged.

3 - OPINION AND ORDER

## **STANDARDS**

To survive a motion to dismiss, a pleading must contain sufficient factual matter accepted as true to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the opposing party is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a party pleads facts that are "merely consistent with" an opponent's liability, the pleading "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Although the pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, a

4 - OPINION AND ORDER

pleading also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly* 550 U.S. at 557.

## **DISCUSSION**

In its Third Counterclaim Defendant alleges Plaintiffs wrongfully assert their trademark-infringement claims for the specific purpose of interfering with Defendant's present and future business relations and of gaining a prospective economic advantage by disrupting Defendant's ongoing marketing and sales efforts with both Dick Blick, who had a contract with Defendant to sell the allegedly infringing markers at issue, and with Third-Party Defendant Alpha Art Materials Co., Ltd., (Alpha), which is the exclusive distributor of Defendant's markers in the United States.

Plaintiffs move to dismiss Defendant's Third Counterclaim on the ground that reliance on allegedly unfounded litigation as the basis for asserting a claim for tortious interference with prospective business advantage is insufficient to state a claim under Oregon law unless the claimant previously prevailed in the subject litigation.  Moreover, Plaintiffs point out there has not been any finding or a verdict that Plaintiffs wrongfully interfered with Defendant's business relationships with Blick and Alpha.

5 - OPINION AND ORDER

Defendant, nevertheless, contends the allegations in its Counterclaim are sufficient standing alone to withstand Plaintiffs' Motion to Dismiss.

The parties each rely on Oregon Court of Appeals decisions to support their positions. This Court must interpret and apply Oregon law as the Oregon Supreme Court would apply it. *See In re Kekauoha-Alisa*, 674 F.3d 1083, 1087-88 (9th Cir. 2012). When "interpreting state law, [federal courts] are bound by the decision of the highest state court." If there is not a decision by the Oregon Supreme Court to guide the Court's interpretation of state law, the Court must predict how the Oregon Supreme Court would decide the issue by using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *See Hawthorne Savings F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 853-54 (9th Cir. 2005)(citing *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)). If there is relevant precedent from the state's intermediate appellate court, however, "the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck and Company*, 505 F.3d 993, 995 (9th Cir. 2007)(citing *Vestar*, 249 F.3d at 960).

6 - OPINION AND ORDER

Defendant relies on *Employer's Fire Insurance Company v. Love It Ice Cream Company,* 64 Or. App. 784 (1983), in which the court held the defendant's counterclaim that its insurer filed unfounded litigation knowing it would result in a delay in the payment of the insured's claim was sufficient to state a claim for interference with business relationships through improper means.  The court did not address whether such a claim was barred by an absolute litigation privilege.

Plaintiffs rely on *Mantia v. Hanson,* 190 Or. App. 412 (2003), *review denied*, 336 Or. 615 (2004), in which the Oregon Court of Appeals reviewed its earlier decision in *Employer's* and similar cases decided in the interim.  The court pointed out that none of those earlier decisions addressed whether there was an absolute litigation privilege that might bar a claim arising from allegedly unfounded litigation.  The court, however, held an absolute privilege exists, and, accordingly, the "prosecution of [a tortious interference claim relating to] unfounded litigation" by the use of "improper means" is actionable only if

> (1) the plaintiff in the antecedent proceedings lacked probable cause to prosecute those proceedings; (2) the primary purpose of those proceedings was something other than to secure an adjudication of the claims asserted there; and (3) *the antecedent proceedings were terminated in favor of the party now asserting the tortious interference claim.*

Emphasis added.  *Id.* at 429.  The court applied the absolute

7 - OPINION AND ORDER

privilege, which, in turn, precluded any claim for tortious interference because the third condition (*i.e.,* a favorable result for the party asserting the claim) "had not yet, and might never occur." *Id.*

Although in *Mantia* the tortious interference lawsuit was asserted against a client's lawyer rather than the client as in this case, the court specifically held "the absolute privilege for statements in the course of or incident to such proceedings . . . applies equally to parties to [the] proceedings and to their attorneys." 190 Or. App. at 417.

The Court concludes the Oregon Court of Appeals decision in *Mantia* rather than its earlier holding in *Employers* controls the Court's resolution of Plaintiffs' pending Motion. Accordingly, the Court also concludes Plaintiffs' actions that allegedly gave rise to Defendant's Counterclaim for Tortious Interference are not actionable in the absence of an actual prior adjudication that Plaintiffs interfered with Defendant's business relationships with Blick and Third-Party Defendant Alpha.

In light of this ruling, the Court need not address Plaintiffs' other arguments regarding the insufficiency of the allegations in Defendant's Third Counterclaim. Because it does not appear Defendant can cure this pleading deficiency under the circumstances, there is not any present basis to grant Defendant leave to replead its Third Counterclaim.

8 - OPINION AND ORDER

The parties should now confer and prepare for the Court a jointly proposed case-management plan suggesting a reasonable schedule to complete discovery, to present any dispositive motions, and to complete pretrial proceedings as well as to propose a trial schedule.  This joint proposal is due **no later than 12/7/2012**, after which the Court will schedule a Rule 16 Conference.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#36) to Dismiss Defendant's Third Counterclaim for Tortious Interference for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and **DISMISSES** Defendant's Third Counterclaim.

IT IS SO ORDERED.

DATED this 28th day of November, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER