IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOO MARKER PRODUCTS, INC., and IMAGINATION INTERNATIONAL, INC., | 3:12-CV-00735-BR |
| | OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| CREATION SUPPLY, INC., | |
| Defendant. | |
| _____ | |
| CREATION SUPPLY, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| ALPHA ART MATERIALS, CO., LTD., | |
| Third-Party Defendant. | |

1 - OPINION AND ORDER

**TIMOTHY S. DEJONG**
**JACOB S. GILL**
Stoll Berne Lokting & Lachter, P.C.
209 S.W. Oak St., Ste 500
Portland, OR 97204
(503) 227-1600

          Attorneys for Plaintiffs

**EDWARD L. BISHOP**
**NICHOLAS S. LEE**
**RICHARD J. VANGELISTI**
Bishop & Diehl, Ltd
1750 East Golf Road
Suite 390
Schaumburg, IL 60173

          Attorneys for Creation Supply, Inc.

**BYUNG H. WHANG**
B.H. Whang & Associates, Ltd
111 Plaza Dr., Ste 755
Schaumburg, IL 60173
(847) 517-3696

**SUSAN D. PITCHFORD**
**ROBERT H. LYMAN**
Chernoff Vilhauer McClung and Stenzel, LLP
601 S.W. Second Ave., Ste 1600
Portland, OR 97201
(503) 227-5631

          Attorneys for Alpha Art Materials, Co. LTD

**BROWN, Judge.**

     This matter comes before the Court on Defendant's Motion (#70) to Dismiss Third Party Complaint under Rule 41.  For the reasons that follow, the Court **DENIES** Defendant's Motion.

2 - OPINION AND ORDER

## BACKGROUND

Plaintiff Too Marker Products, Inc., is a Japanese corporation that manufactures, imports, and sells markers in the United States.  Plaintiff Imagination International, Inc., is the exclusive United States distributor of Too Marker's products.

Defendant Creation Supply, Inc. (CSI) is an importer of markers into the United States and the State of Oregon.

Plaintiffs allege Defendant infringed Plaintiffs' trademark and engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and the common law by importing into the United States and selling markers similar in size and shape to Plaintiffs' products with the intent of misleading consumers into believing they are purchasing Plaintiffs' products.

Defendant asserts Counterclaims for a Declaratory Judgment of Non-Infringement of Trademark and Trade Dress.  On November 28, 2012, the Court issued an Order (#50) granting Plaintiffs' Motion (#36) to Dismiss Defendant's Third Counterclaim for Tortious Interference for failure to state a claim.

On July 11, 2012, CSI filed an action for indemnification against Alpha Art Materials, Co., Ltd., in the Northern District of Illinois.

On August 21, 2012, Defendant CSI brought a Third-Party Complaint (#30) against Third-Party Defendant Alpha, a Korean

3 - OPINION AND ORDER

corporation that manufactures markers.  CSI asserts Alpha breached the Warranty of Title and Against Infringement (Count I) and Implied Indemnity (Count II).

On November 29, 2012, Alpha filed its Answer (#59), alleged Crossclaims against Plaintiffs, and sought a Declaratory Judgment of Non-infringement of Trademark Nos. 3,629,617 and 4,113,852 (Crossclaim I), a Declaratory Judgment of Non-infringement of Trade Dress (Crossclaim II), and Declaratory Judgments that U.S. Trademark Registration Nos. 3,629,617 and 4,113,852 are Invalid as Functional (Crossclaims III and IV).

On February 4, 2013, Plaintiffs filed an Answer (#64) to Alpha's Crossclaims and asserted Counter-Crossclaims against Alpha for Violation of Lanham Act § 32-Marker Registration (Counter-Crossclaim I), Violation of Lanham Act § 32-Cap-End Registration (Counter-Crossclaim II), Violation of Lanham Act § 43 (Counter-Crossclaim III), and common-law Trademark Infringement (Counter-Crossclaim IV).

On February 25, 2013, Alpha filed an Answer(#68) to Plaintiffs' Counter-Crossclaims.

## DISCUSSION

On February 15, 2012, CSI filed a Stipulation of Dismissal (#66) to dismiss the Third-Party action without prejudice.  The stipulation is signed by CSI and Alpha.  Plaintiffs oppose the

4 - OPINION AND ORDER

Stipulation to Dismiss.  Alpha now moves for an Order dismissing the Third-party Complaint between Defendant/Third-Party Plaintiff CSI and Alpha.

Voluntary dismissal by stipulation requires "a stipulation of dismissal signed by all parties who have appeared in the action."  Fed. R. Civ. P. 41(a)(1)(ii).  CSI unsuccessfully sought a stipulation to the dismissal from Plaintiffs.  Decl. of Timothy S. Dejong at 2.

Alpha argues Plaintiffs lack standing to object to the voluntary dismissal because Plaintiffs are not "parties" to the third-party action.  As noted, Alpha asserted crossclaims against Plaintiffs, and Plaintiffs asserted counter-crossclaims against Alpha.  This Court finds Plaintiffs are, in effect, parties to the third-party action.

Alpha cites several cases to support its position, all of which are distinguishable because the stipulations of dismissal in those cases were allowed with prejudice and the third-party defendants were not a party to any other claims.  *See Century Mfg. Co., Inc. v. Cent. Transp. Int'l, Inc.,* 209 F.R.D. 647 (D. Mass. 2002).  *See also Gen. Foods Corp. v. Jay V. Zimmerman Co., Inc.,* No.86-2697, 1990 WL 115714 (S.D.N.Y. 1990); *First Nat'l Bank of Tom's River, N.J. v. Marine City, Inc.,* 411 F.2d 674, 677 (3d Cir.1069).  Alpha and CSI seek dismissal without prejudice because, Plaintiffs argue, Alpha and CSI intend to

5 - OPINION AND ORDER

litigate those claims in Illinois.  Dismissal of the third-party claim would destroy the foundation of the crossclaims asserted by Alpha against Plaintiffs.  Plaintiffs contend if the indemnity claim is separated from the underlying liability claims, they will be prejudiced by exclusion from relevant discovery between CSI and Alpha in Illinois.

In the alternative, Alpha contends the Court should approve the voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  The rule allows a plaintiff, pursuant to an order of the court and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time.  *Westlands Water Dist. V. United States,* 100 F.3d 94, 97 (9th Cir. 1996).

Plaintiffs point out that Alpha filed a Motion (#54) for Leave to File Crossclaims in which Alpha asserted the proposed "crossclaims are intended to avoid circuitry of action and to dispose of the entire subject matter arising from one set of facts in one action."  Memo. in Support of Mot. for Leave to File Crossclaim at 2.  Alpha asserted "justice would be served, and a full and final decision on the merits would be facilitated" by allowing the crossclaims.  Alpha relied on the third-party claims as a basis for its request to assert crossclaims and stated "Alpha remains concerned that it faces the untenable position of having CSI possibly resolve the infringement claims with

6 - OPINION AND ORDER

Plaintiffs under unacceptable terms, and then demanding Alpha reimburse CSI for doing so." *Id.* Alpha contended "judicial economy favors granting [leave to assert the crossclaims]. Denial of this motion will result in the filing of an independent lawsuit for declaratory judgment by Alpha against Plaintiffs. Public policy favors disposing of all aspects of a case in one lawsuit." *Id.* at 3.

On December 14, 2012, the Court granted Alpha's Motion for Leave to File Crossclaims. As noted, Alpha asserted four crossclaims against Plaintiffs, and Plaintiffs asserted counter-crossclaims against Alpha.

Accordingly, for the same reasons that it was appropriate to grant Alpha's Motion (#54) for Leave to File Crossclaims, the Court **DENIES** Alpha's Motion (#70) to Dismiss Third Party Complaint.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#70) to Dismiss Third Party Complaint.

IT IS SO ORDERED.

DATED this 24th day of April, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge