```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


TOO MARKER PRODUCTS, INC., AND                  3:12-cv-00735-BR
IMAGINATION INTERNATIONAL, INC.,

          Plaintiffs,                           OPINION AND ORDER

v.

CREATION SUPPLY, INC., AND
JOHN GRAGG,

          Defendants.
_____

CREATION SUPPLY, INC.,

          Third-Party Plaintiff,

v.

ALPHA ART MATERIALS CO., LTD.,

          Third-Party Defendant.
_____

CREATION SUPPLY, INC.,                          3:13-cv-01033-BR

          Plaintiff,

v.

ALPHA ART MATERIALS CO., LTD,

          Defendant.


1  -  OPINION AND ORDER
```

**RICHARD J. VANGELISTI**
Vangelisti Law Firm LLC
121 S.W. Morrison Street, Suite 475
Portland, OR 97204
(503) 680-6272

**EDWARD L. BISHOP**
**NICHOLAS S. LEE**
Bishop Diehl & Lee, Ltd.
1750 E. Golf Road, Suite 390
Schaumburg, IL 60173
(847) 969-9123

      Attorneys for Creation Supply, Inc.

**SUSAN D. PITCHFORD**
Chernoff, Villauer, McClung & Stenzel LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR 97204
(503) 227-5631

**J. ARON CARNAHAN**
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606-3912

      Attorneys for Alpha Materials Co., Ltd.

**BROWN, Judge.**

    This matter comes before the Court on the Motions (#110, #119 in the above cases respectively) for Partial Summary Judgment filed by Alpha Art Materials Co., Ltd., against Creation Supply, Inc. (CSI) and John Gragg. On January 28, 2014, the two cases were consolidated, and the Court designated Case No. 3:12-cv-735 as the lead case.

    For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Alpha's Motions.

2 - OPINION AND ORDER

**BACKGROUND**

Too Marker Products, Inc., is a Japanese corporation that manufactures, imports, and sells markers in the United States. Imagination International, Inc., is the exclusive United States distributor of Too Marker's products.

CSI is an importer of markers into the United States and the State of Oregon. John Gragg is the President of CSI.

Alpha is a Korean corporation that manufactures markers.

Too Marker and Imagination International (hereinafter collectively referred to as Too Marker) filed a Complaint in case No. 3:12-cv-00735-BR on April 25, 2012, alleging CSI infringed their trademark and engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and the common law by importing into the United States Mepxy markers similar in size and shape to the Copic marker products of Too Marker and by selling the Mepxy markers with the intent of misleading consumers into believing they were purchasing Too Marker products.

On July 11, 2012, CSI and Gragg filed an action in Illinois for a declaratory judgment against Too Marker seeking a declaration that CSI and Gragg were not infringing any valid trademarks owned by Too Marker. *See Creation Supply, Inc. v. Too Marker Prods, Inc.,* 1:12-cv-05479 (N.D. Ill. July 11, 2012).

On August 21, 2012, CSI filed its Answer to the Complaint in this case in which it asserts Counterclaims for a declaratory

3  -   OPINION AND ORDER

judgment of noninfringement of trademark and trade dress and also filed a Third-Party Complaint against Alpha.  In its Third-Party Complaint CSI asserts Alpha breached the Warranty of Title and Against Infringement (Count I) and implied indemnity (Count II) in the sale of Mepxy markers to CSI.

On October 8, 2012, Alpha filed its Answer to CSI's Third-Party Complaint.

On November 29, 2012, Alpha filed a First Amended Answer to CSI's Third-Party Complaint and also brought Crossclaims against Too Marker seeking a declaratory judgment of noninfringement of Trademark Nos. 3,629,617 and 4,113,852 (Crossclaim I), a declaratory judgment of noninfringement of trade dress (Crossclaim II), and declaratory judgments that U.S. Trademark Registration Nos. 3,629,617 and 4,113,852 are invalid "as functional" (Crossclaims III and IV).

On February 24, 2013, Too Marker asserted Counter-Crossclaims against Alpha for violation of Lanham Act § 32-Marker Registration (Counter-Crossclaim I), violation of Lanham Act § 32-Cap-End Registration (Counter-Crossclaim II), violation of Lanham Act § 43 (Counter-Crossclaim III), and common-law trademark infringement (Counter-Crossclaim IV).

On June 19, 2013, the Illinois case (*Creation Supply, Inc. v. Too Marker Products, Inc.*, 1:12-cv-05456 (N.D. Ill. July 1, 2012)) was transferred to the District of Oregon (Case No. 3:13-

cv-01033-BR).

On August 19, 2013, the Court issued a Settlement Order and Dismissal (#92) in Case No. 3:12-cv-00735-BR dismissing without prejudice all claims asserted by Too Marker against CSI and all Counterclaims asserted by CSI against Too Marker.

On January 28, 2014, the Court granted CSI's Unopposed Motion to Consolidate Case Nos. 3:12-cv-00735-BR and 3:13-cv-01033-BR (the case originally filed in Illinois and transferred to Oregon). The Court designated Case No. 3:12-cv-00735-BR as the lead case.

Alpha now moves for summary judgment against CSI and Gragg on three issues: (1) whether CSI may recover attorneys' fees and damages under Illinois law, (2) whether John Gragg may recover damages, and (3) whether CSI may recover for injury to its reputation.

In addition, Alpha moves for summary judgment on the ground that CSI's claims for implied indemnity (Count II in CSI's Third-Party Complaint in Case No. 3:12-cv-00735-BR and Count II in CSI's Complaint in Case No. 3:13-cv-01033-BR) are preempted by federal law, and, therefore, the Court should dismiss CSI's Count II in each case.

## **STANDARDS**

Summary judgment is appropriate when there is not a "genuine

5  -   OPINION AND ORDER

dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States,* No. 09-36109, 2011 WL 723101, at *8 (9th Cir. Mar. 3, 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving part must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.,* 627 F.3d 376, 387 (9th Cir. 2010)(citation omitted).

    A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.,* 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.,* 381 F3d 948, 957 9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598

(9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-cv-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford,* 877 F.2d 728, 731 (9th Cir. 1987)). *See also Jackson v. Bank of Haw.,* 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)). The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.,* 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

As noted, CSI and Alpha entered into a Memorandum of Understanding (MOU) on April 1, 2011. The MOU granted CSI the exclusive right to purchase Mepxy markers from Alpha and to sell them in certain territories in the United States. The parties agreed in the MOU that Illinois law applies.

7  -   OPINION AND ORDER

The Illinois version of § 2-312 of the U.C.C. appears at Title 810 ILCS 5/2-312 and provides:

> Warranty of title and against infringement; buyer's obligation against infringement. (1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that (a) the title conveyed shall be good, and its transfer rightful; and(b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.
> (2) A warranty under subsection (1) will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.
> (3) *Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like* but a buyer who furnishes specification to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

Emphasis added.

CSI argues in its Response to Alpha's Motion that a warranty against infringement under 810 ICSL 5/2-312(3) requires Alpha to pay CSI's attorneys' fees and damages arising from four lawsuits. In its Supplemental Brief (# 117), however, CSI contends it is entitled to attorneys' fees and costs arising from only two lawsuits: (1) Case No. 3:12-cv-00735-BR, attorneys' fees and costs incurred up to the time that Too Marker and CSI settled on August 19, 2013, and (2) Illinois Case No. 12-CH-24438, attorneys' fees and costs incurred in the Illinois lawsuit in

8 -   OPINION AND ORDER

which CSI raised the issue whether CSI's insurance carrier owes a duty to defend CSI.

Alpha, in turn, contends it is entitled to summary judgment against CSI for attorneys' fees even if a warranty against infringement applies.

### I. Illinois law does not allow recovery of attorneys' fees incurred in litigating indemnity issues.

The Illinois Supreme Court has held "[t]he allowance and recovery of costs rests entirely upon statutory provisions and no liability for costs exists in the absence of statutory authority." *Ritter v. Ritter,* 381 Ill. 549, 552 (1943).

The "law in Illinois clearly is that absent a statute or a contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *Kerns v. Engelke,* 76 Ill. 2d 154, 166 (1979)(internal citations and quotations omitted). The *Kerns* court noted the lower court distinguished the case from the general rule because the attorneys' fees were the result of defending a prior action that gave rise to the indemnity claim. The *Kerns* court, however, noted a conflict in the decisions of the lower courts on the issue and stated:

> We are not persuaded we should create an indemnity exception to the *Ritter* holding even under the circumstances of this case in which Timmerman gave Fox River sufficient notice, and was ostensibly entitled to indemnification. Timmerman was properly sued as a defendant strictly liable; and that

9  -   OPINION AND ORDER

>    Timmerman was successful in the indemnity
>    action is not a distinction sufficient to
>    remove him from the ruling in *Ritter*.

*Kerns,* 76 Ill. 2d at 167.

More recently the Illinois Supreme Court stated: "Illinois follows the 'American rule,' which prohibits prevailing parties from recovering their attorney fees from the losing party, absent express statutory or contractual provisions. . . . Accordingly, statutes which allow for such fees must be strictly construed as they are in derogation of the common law." *Sandholm v. Kuecker,* 356 Ill. Dec. 733, 750 (2012)(citations omitted).

In support of its position, Alpha cites *Insurance Co. Of North America v. J.L. Hubbard Co.,* 23 Ill. App. 3d 254 (1st Dist. 1974). In *Hubbard* an insurer brought an action against its agent for indemnity of losses sustained under an insurance policy when the agent failed to modify or to cancel the policy even though the agent was directed to do so by the insurer. The court found the agent was liable for the amount that the insurer was required to pay under the policy, but the agent was not required to pay the insurer's litigation expenses incurred in defending the action brought by the insured. The court noted the cases

>    relied upon by plaintiff (including those
>    cited in *Ritter* as the basis for the court's
>    statement of the exception to the general
>    rule disallowing litigation expenses) were
>    limited to factual situations where a party
>    was forced to preserve property rights in
>    real estate due to the wrongful acts of
>    another which caused litigation expenses

10 -   OPINION AND ORDER

> against third parties; secondly, the wrong-
> ful conduct of the defendants in these cases
> was characterized as either wilful, wanton,
> malicious, oppressive, or at least as being
> of an active tortious nature.

*Hubbard,* 23 Ill. App. 3d at 262.

Alpha also relies on *Industrial Color, Inc. v. CP Inorganics, Inc.,* 244 Ill. App. 3d 436 (3rd Dist. 1993). In this case a paint-pigment manufacturer's creditor was sued by the Environmental Protection Agency for the cost of cleaning up the manufacturer's waste. The creditor sought to recover the costs of attorneys' fees on the theory of indemnification. The court, citing *Kerns,* affirmed the trial court's grant of summary judgment to defendant. *Id.* at 440.

Finally, Alpha cites *Rubin v. Marshall Field & Co.,* 232 Ill. App. 3d 522 (1st Dist. 1992), to support its position. The plaintiff brought an action for injuries caused by cosmetics marketed by defendants. A jury awarded the plaintiff damages for breach of the implied warranty of fitness for a particular purpose pursuant to Section 2-315 of the U.C.C. and for violation of the Illinois Consumer Fraud Act. The trial court awarded attorneys' fees to the plaintiff. The Illinois appellate court found the trial court erred when it awarded fees to the plaintiff based on the implied-warranty count, "which does not provide for the award of attorney fees unless fees are specifically authorized by statute or provided for by contract between the

11 -   OPINION AND ORDER

parties." *Rubin,* 232 Ill. App. 3d at 534.

CSI, however, contends the language and purpose of 810 ILCS 5/2-312 is to transfer all risk of potential infringement from the buyer (CSI) to the seller (Alpha) of a product. CSI points to the statutory language that provides goods "shall be delivered *free* of the rightful claim of any third person by way of infringement or like." 810 ILCS 5/2-312(3)(emphasis added). CSI asserts "free" means free, and, accordingly, the statute requires Alpha to bear the risk of infringement of Alpha's Mepxy markers rather than CSI. CSI contends, therefore, that Alpha is responsible for the attorneys' fees and costs incurred by CSI in defending against Too Marker's trade-dress infringement claims. The Court notes, however, that 810 ILCS 5/2-312(3)) does not provide for attorneys' fees:

> Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

Instead courts construing the U.C.C. have found §§ 2-714 and 2-715 of the U.C.C. govern the remedies for an aggrieved party seeking recovery for breach of warranty. *See, e.g., Acushnet Co. v. G.I. Joe's, Inc.,* No. 05-cv-00764, 2006 WL 2729555, at *6 (D. Or. Sept. 22, 2006); *EZ Tag Corp. v. Casio Am., Inc.,* 861 F.

12 -   OPINION AND ORDER

Supp. 2d 181, 183 (S.D.N.Y. 2012)("Sections 2-714 and 2-715 govern a buyer's remedies for a seller's breach of warranty, such as the warranty of non-infringement in section 2-312(3).").

In *EZ Tag* the plaintiff brought an action against Casio for attorneys' fees and costs incurred in successfully defending a patent-infringement action brought by Raylon LLC.  EZ Tag asserted Casio had a duty and obligation to indemnify EZ Tag under § 2-312 of the New York U.C.C.  The court noted U.C.C. § 2-714 provides generally that "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."  Section 2-714 continues:  "In a proper case any incidental and consequential damages . . . may also be recovered."  Section 2-715 provides consequential damages include "injury to person or property proximately resulting from any breach of warranty."  The *EZ Tag* court concluded:

> The weight of authority in this Circuit
> counsels against the inclusion of attorney's
> fees and litigation expenses as damages for
> breach of warranty under Sections 2-714 and
> 2-715 in the absence of bad faith or con-
> tractual authorization.

*EZ Tag Corp.,* 861 F. Supp. 2d at 183.

In the absence of Illinois authority to the contrary, the Court concludes on this record that Illinois law does not allow

13 -   OPINION AND ORDER

for the recovery of attorneys' fees as damages for litigating indemnity under § 312(3). Accordingly, the Court grants Alpha's Motion for Partial Summary Judgment on this issue.

## II. Illinois law does not permit CSI to recover from its insurer attorneys' fees incurred in third-party litigation.

Under Illinois case law the third-party litigation exception to the American Rule applies only to situations in which the wrongful conduct of a party is alleged to be "either wilful, wanton, malicious, oppressive, or at least being of an active tortious nature." *J. L. Hubbard Co.,* 23 Ill. App. 3d at 262. In *Cole v. Kroger Company* the court noted attorneys' fees "may" be awardable as an exception to the American Rule when a tort causes personal injury that leads to a lawsuit with a third party, but the *Cole* court refused to award fees because they were not properly pleaded. *Cole v. Kroger Co.,* 2011 WL 2038553, at *4-*5 (S.D. Ill. May 24, 2011).

None of the Illinois cases cited by CSI allowed the award of attorneys' fees arising from third-party litigation in the absence of tortious conduct, and neither of CSI's Complaints against Alpha in this Court contain any allegation that Alpha engaged in "wilful, wanton, malicious, [or] oppressive" behavior. Instead CSI's claims against Alpha are based on Alpha's alleged breach of contract stemming from an implied warranty and implied indemnity. Thus, the Court concludes the third-party litigation exception to the American Rule under Illinois law does not apply

14 -   OPINION AND ORDER

here because CSI has not alleged Alpha engaged in tortious activity.

Accordingly, the Court grants Alpha's Motion for Partial Summary Judgment in 3:12-cv-00735-BR as to this issue.

### III. CSI does not seek damages based on emotional distress or loss of reputation.

CSI is not seeking damages based on the emotional distress of John Gragg, CSI's President, nor on the loss of reputation of any individual or the corporation.  The Court, therefore, denies as moot Alpha's Motion for Partial Summary Judgment as to this issue.

### IV. CSI fails to show that a dispute of material fact exists as to damages.

Section 2-714 of the Illinois U.C.C. describes damages as "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."  Direct damages under this section have been described as those that "result from an act without the intervention of any intermediate controlling or self-efficient cause."  *Royal Ins. Co. Of Am. v. Insignia Fin. Group, Inc.*, 323 Ill. App. 3d 58, 64 (2001).  The Seventh Circuit has held "the cost of repair is the proper standard" to be applied to damages under § 2-714.  *Continental Sand & Gravel, Inc. v. K & K Sand & Gravel, Inc.*, 755 F.2d 87, 91 (7th Cir.

15 -   OPINION AND ORDER

1985).  *See also IMI Norgren Inc., v. D & D Tooling & Mfg., Inc.*, 247 F. Supp. 2d 966, 971 (N.D. Ill. 2002).

CSI has not offered any evidence that "repairs" were required for the Mepxy markers.  The record reflects CSI sold the markers in their original condition at the full, regular price and for the same price before and after Too Marker brought its lawsuit against CSI.  Decl. of Susan D. Pitchford, Exs. 5-7.

CSI, nevertheless, contends it has been damaged by the loss of its ability to sell Mepxy markers due to Alpha's alleged infringement.  CSI points to a document indicating that one of CSI's customers, Blick, cancelled an order for Mepxy markers: "While we will carry the Mepxy line on the web, we are pulling the product from the retail stores."  Decl. of Nicholas S. Lee at ¶ 7, Ex. E.  The Court notes, however, that although CSI asserts Blick ceased doing business with CSI because of the lawsuit with Too Marker, CSI's assertion is not supported by the record.  Moreover, it is undisputed that CSI did not have any inventory of Mepxy markers when it executed the settlement agreement with Too Marker and that CSI could not obtain more Mepxy markers from Alpha because the one-year MOU had legally expired under its own terms before Too Marker filed its lawsuit against CSI.

Viewing the record in the light most favorable to CSI, the Court concludes CSI has failed to establish that a genuine

16 -   OPINION AND ORDER

dispute as to a material fact exists as to the issue of CSI's claim for damages. Accordingly, the Court grants Alpha's Motion for Partial Summary Judgment as to this issue.

**V. CSI's implied-indemnity claim is precluded by the Lanham Act.**

CSI acknowledges there is not a right to indemnification or contribution under the Lanham Act. *See Wagner v. Circle W. Mastiffs,* Nos. 2:08-cv-00431 and 2:09-cv-00172, 2010 WL 1009904, at *9 (S.D. Ohio Mar. 12, 2010). CSI, however, contends it seeks implied indemnity for "Alpha's violation of Illinois' statutory implied warranty against infringement, and common law indemnity due to the parties' buyer/seller relationship" rather than implied indemnity under the Lanham Act. CSI's Resp. Brf. at 9. CSI argues the Court should not dismiss CSI's implied-indemnity claim because it arises from Too Marker's "common-law unfair competition claim" against CSI that falls outside of the Lanham Act's prohibition of implied indemnity.

The record, however, reflects the underlying cause of action here is a claim for "common-law trademark infringement," which is "actionable under the Lanham Act." Cplt. (#1)(3:12-cv-00735-BR) at ¶¶ 52-57. *See Packaging Supplies, Inc. V. Harley-Davidson, Inc.,* No. 08-cv-400, 2011 WL 1811446, at *6 (N.D. Ill. May 12, 2011). The Court also notes Too Marker does not specify any reliance on state law, the only relief Too Marker seeks is premised on federal law, and Too Marker did not plead

17 -   OPINION AND ORDER

supplemental jurisdiction to support any state-law claim.

On this record the Court grants Alpha's Motion for Partial Summary Judgment as to Count II of CSI's Third-Party Complaint.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Alpha's Motions (#110, #119 in the above cases respectively) for Partial Summary Judgment.

IT IS SO ORDERED.

DATED this 4th day of August, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

18 -   OPINION AND ORDER