IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOO MARKER PRODUCTS, INC., AND<br>IMAGINATION INTERNATIONAL, INC., | 3:12-cv-00735-BR |
|       Plaintiffs, | OPINION AND ORDER |
| v. | |
| CREATION SUPPLY, INC., AND<br>JOHN GRAGG, | |
|       Defendants. | |

_____

CREATION SUPPLY, INC.,

      Third-Party Plaintiff,

v.

ALPHA ART MATERIALS CO., LTD.,

      Third-Party Defendant.

_____

| | |
|---|---|
| CREATION SUPPLY, INC.,<br>    Plaintiff, | 3:13-cv-01033-BR |
| v. | OPINION AND ORDER |
| ALPHA ART MATERIALS, CO., LTD., | |
|     Defendant. | |

SUSAN D. PITCHFORD

1 -  OPINION AND ORDER

Chernoff, Villauer, McClung & Stenzel LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR 97204
(503) 227-5631

**J. ARON CARNAHAN**
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606-3912
(312) 526-1612

    Attorneys for Alpha Materials Co., Ltd.

**RICHARD J. VANGELISTI**
Vangelisti Law Firm LLC
121 S.W. Morrison Street, Suite 475
Portland, OR 97204
(503) 680-6272

**EDWARD L. BISHOP**
**NICHOLAS S. LEE**
Bishop Diehl & Lee, Ltd.
1750 E. Golf Road, Suite 390
Schaumburg, IL 60173
(847) 969-9123

    Attorneys for Creation Supply, Inc.

**BROWN, Judge.**

This matter comes before the Court on Alpha Art Materials Co., Ltd.'s Motions (#122, #132) for Entry of Final Judgment against Creation Supply, Inc. (CSI) in Case Nos. 3:12-cv-00735-BR and 3:13-cv-01033-BR respectively.

For the reasons that follow, the Court **GRANTS** Alpha's Motions.

2 -   OPINION AND ORDER

## BACKGROUND

Too Marker Products, Inc., is a Japanese corporation that manufactures, imports, and sells Mepxy markers in the United States. Imagination International, Inc., is the exclusive United States distributor of Too Marker's products.  Defendant Creation Supply, Inc. (CSI), is an importer of markers into the United States and the State of Oregon.  Alpha is a Korean corporation that manufactures markers.

On April 25, 2012, Too Marker and Imagination filed a Complaint in this Court alleging CSI infringed their trademark and engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and the common law by importing into the United States and selling markers similar in size and shape to their products with the intent of misleading consumers into believing they are purchasing the products of Too Marker and Imagination.  CSI asserted Counterclaims for a Declaratory Judgment of Non-Infringement of Trademark and Trade Dress.

On July 11, 2012, CSI filed an action for indemnification against Alpha in the Northern District of Illinois.  On August 21, 2012, CSI also brought a Third-Party Complaint (#30) against Alpha in 3:12-cv-00735-BR.  CSI asserted in both cases that Alpha breached the "warranty of title and against infringement and implied indemnity."

On June 19, 2013, the Illinois case (Illinois Case No. 12-

3 -   OPINION AND ORDER

cv-05456) was transferred to this Court and opened as Case No. 3:13-cv-01033-BR.

On August 19, 2013, this Court entered a Settlement Order and Dismissal (#92) in No. 3:13-cv-00735-BR dismissing without prejudice all claims asserted by Too Marker and Imagination International against CSI and all Counterclaims asserted by CSI against Too Marker and Imagination International.

On January 28, 2014, the Court granted CSI's Unopposed Motion to Consolidate 3:12-cv-00735-BR with 3:13-cv-01033-BR and designated 3:12-cv-00735-BR as the lead case.

## DISCUSSION

Alpha moves for the entry of final judgment against CSI on the basis that the Court's August 4, 2014, Order disposed of all triable issues in this case.

On August 4, 2014, this Court issued an Order (#120) granting summary judgment in favor of Alpha as to CSI's claim for damages arising from Alpha's alleged breach of implied warranty. The parties agree the Court's August 4, 2014, Order dismissed CSI's claim against Alpha for implied indemnity, and, therefore, only CSI's claim against Alpha for breach of "warranty of title and against infringement" remains. The parties also agree Illinois law governs their dispute.

To prevail on a breach-of-warranty claim, Illinois law

4 -   OPINION AND ORDER

requires a plaintiff to prove damages. Illinois courts have held "damages are an element of a breach of warranty claim. Without damages, there can be no recovery." *Kim v. Mercedes-Benz, U.S.A., Inc.* 353 Ill. App. 3d 444, 460 (Ill. App. 1st Dist. 2004) (quoting *Valenti v. Mitsubishi Motor Sales of Am., Inc.*, 332 Ill. App. 3d 969, 973 (Ill. App. 1st Dist. 2002)). When damages are precluded as a matter of law, dismissal of the breach-of-warranty claim is appropriate. *Kim,* 353 Ill. App. 3d at 461.

CSI contends it is entitled to a jury trial on the issue of consequential and incidental damages arising from Alpha's alleged breach of the implied warranty against infringement under 810 ILCS 5/2-312(3). CSI argues it was forced to settle the case brought by Too Marker against CSI as a result of the trade-dress infringement lawsuit and Alpha's refusal to indemnify or to assume CSI's defense. CSI asserts its competitors can sell Too Marker's Mepxy markers, but CSI is now precluded from obtaining Too Marker's Mepxy markers from any third parties. CSI argues it, therefore, has lost business opportunities, which has resulted in incidental and consequential damages. CSI further contends it is, therefore, enjoined in effect from freely conducting business, which results in damages that it is entitled to prove at trial. *See Zwicky v. Freightliner Custom Chassis Corp.,* 373 Ill. App. 3d 135 (2d Dist. 2007).

To support its position CSI relies primarily on *Zwicky.* In

5 -   OPINION AND ORDER

that case the plaintiffs brought an action in which they alleged breach of express and implied warranties and sought revocation of acceptance against the seller and manufacturer of a motor home. The trial court granted the defendant's motion for summary judgment and concluded the plaintiffs' failure to answer requests for admissions was treated as admissions and precluded the plaintiffs from recovering on their causes of action. *Zwicky*, 373 Ill. App. 3d at 137.  The appellate court found the admissions did not prevent the plaintiffs from proving elements of damages for breach of the express warranty; specifically, (1) that the limited "repair or replace" warranty failed in its essential purpose because the amount of time or number of attempts necessary to repair the defects was unreasonable; (2) that the exclusion of consequential damages would be unconscionable; and (3) that the establishment of the difference between the value of the motor home as warranted and as actually received. *Zwicky,* 373 Ill. App. 3d at 145.  The court concluded factual issues precluded entry of summary judgment on the plaintiffs' claims for breach of express warranty despite the admissions.  The *Zwicky* court also found factual issues precluded entry of summary judgment on the plaintiffs' claims for breach of implied warranty of merchantability because the plaintiffs might

6 -   OPINION AND ORDER

be able to prove that the motor home was defective and that the defects existed when the motor home left the defendant's control. Because the plaintiffs' "admissions" occurred after the motor home left the defendant's control, the court held the plaintiffs were entitled to attempt to prove damages. *Zwicky,* 373 Ill. App. 3d at 146-47.

After careful consideration, the Court finds the *Zwicky* case does not support CSI's assertion that it is entitled to present evidence of its business opportunities allegedly lost as a result of Alpha's refusal to indemnify CSI, which, according to CSI, led to CSI's settlement with Too Marker. Moreover, this Court explicitly addresses CSI's argument in its Opinion and Order; *i.e.*, this Court specifically concluded there was not any evidence in the record to support a claim by CSI for loss of business opportunities. Opin. and Order at 16.

On this record the Court grants Alpha's Motions for Entry of Judgment as to CSI's breach-of-warranty claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Alpha's Motions for Entry of Final Judgment against CSI in 3:12-cv-00735-BR (#122)

and 3:13-cv-01033-BR (#132) and **DISMISSES** both cases in their entirety.

 IT IS SO ORDERED.

 DATED this 26th day of September, 2014.

            s/ Anna J. Brown
           ANNA J. BROWN
           United States District Judge

8 - OPINION AND ORDER